STATE OF IOWA V. JOHN KRUMM, Appellant.

**Criminal law:** CREDIBILITY OF EVIDENCE: VERDICT: PASSION AND PRE-
JUDICE. It is the province of the jury to determine the weight
and credibility of evidence; and the fact that it may not credit
the testimony of certain witnesses touching a fact essential to
the defense does not necessarily show such prejudice and passion
as will vitiate a verdict of guilty.

**Misconduct in argument:** PREJUDICE. The objectionable language
used in this case by the prosecuting attorney in his closing argu-
ment, which was withdrawn and the jury advised that it was
improper, is held to have been without prejudice.

**Misconduct of jurors:** PREJUDICE. It is also held that the remark
of a juror made to his fellow jurors while deliberating, that
he never heard the moral character of the prosecutrix ques-
tioned prior to the trial, was not sufficient to set aside the ver-
dict; as the record conclusively shows that no prejudice resulted.

*Appeal from Guthrie District Court.*—HON. J. H. APPLE-
GATE, Judge.

WEDNESDAY, OCTOBER 19, 1910.

THE defendant was convicted of the crime of seduction,
and appeals.—*Affirmed.*

*S. B. Gwinn* and *Sayles & Taylor,* for appellant.

*H. W. Byers,* Attorney General, and *Charles W. Lyon,*
Assistant General, for the State.

SHERWIN, J.—I. The appellant's principal conten-
tion is that the verdict is not supported by the evidence,
and that it is the result of passion and prejudice. The

crime charged is alleged to have been committed, in the
early part of August, 1907, and on the 30th
day of April, 1908, the prosecutrix gave
birth to a child. The defendant did not
deny having had sexual intercourse with
the prosecutrix. He simply denied that he had had inter-
course with her during the month of August, 1907. The
state produced evidence tending to show the previous chaste
character of the prosecutrix, and the defendant produced
two witnesses who testified that they had been unduly
intimate with her before the alleged seduction by the de-
fendant. We have carefully considered the evidence before
us, and reach the conclusion that it is sufficient to sustain
the verdict and judgment. There is considerable evidence
tending to show that the prosecutrix was unchaste before
she submitted to the defendant, but the witnesses were all
before the jury, and it was its duty to determine their
credibility and the weight that should be given to their
testimony. If the jury did not believe the two witnesses
who swore to intimate relations with the prosecutrix, there
was no evidence before it which would have justified a
finding of previous unchastity. That the jury did not
credit the testimony of these two witnesses is manifest, but
that does not indicate passion or prejudice that will vitiate
its verdict.

1. CRIMINAL LAW: credibility of evidence: verdict: passion and prejudice.

In his closing argument for the state, the county at-
torney spoke of the two witnesses already referred to herein
as "dirty dogs." Objection was made to the language, and
it was withdrawn, and the court at the same
time told the jury that the language was
improper. We cannot presume that the jury
was in any way influenced by the language; and hence
there should be no reversal on account thereof.

2. MISCONDUCT IN ARGUMENT: prejudice.

One of the jurors in separate conversation with two
of his fellow jurors after the case had been submitted to
them said that he had never heard the moral character

of the prosecutrix questioned before the trial.   Without determining whether such statement consti-

3. MISCONDUCT
OF JURORS:
prejudice.

tuted improper conduct on the juror's part; it is enough to say that the record conclusively shows that no prejudice resulted therefrom.   The defendant undertook to prove by two physicians matters which they were incompetent to testify to under section 4608 of the Code.   The ruling sustaining objections thereto was right. The judgment of the district court must be, and it is, *affirmed.*